IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CEDARCRESTONE INC.** | : | |
| **Plaintiff** | : | **Misc. No. 1:14-MC-0298** |
| | : | |
| **v.** | : | |
| | : | |
| **AFFILIATED COMPUTER** | : | |
| **SERVICES LLC n/k/a XEROX** | : | |
| **BUSINESS SERVICES LLC,** | : | |
| | : | **Judge Sylvia H. Rambo** |
| **Defendant** | : | |

# M E M O R A N D U M

Presently before the court is a motion related to ongoing litigation in the United States District Court for the Northern District of Texas, docketed at Civil Action 3:12-cv-4673 ("underlying action"). The motion, filed by the plaintiff in the underlying action, seeks to quash Defendant's subpoena duces tecum directed at a non-party. (Doc. 1.) For the following reasons, the Motion To Quash will be denied in its entirety.

## I.      Background[1]

For the purposes of resolving the motion *sub judice*, it is sufficient to state the following factual background. This matter involves an alleged breach of a contract related to services that CedarCrestone Inc. ("Plaintiff") agreed to provide to Affiliated Computer Services LLC n/k/a Xerox Business Services LLC ("Defendant"). The contract between Plaintiff and Defendant arose out of a human resources outsourcing project between Defendant and Cigna ("Cigna Project"). Pursuant to the contract between Plaintiff and Defendant, Plaintiff agreed to assist

---

[1] This recitation of facts is derived from the parties' briefs. It is assumed that, consistent with Federal Rule of Civil Procedure 11, the factual representations are accurate. The facts are uncontested, unless noted.

and advise Defendant in connection with a functional PeopleSoft upgrade and to perform a technical PeopleSoft upgrade of Cigna's systems. The Statement of Work agreed to by Plaintiff and Defendant established certain deadlines for Plaintiff to meet on the Cigna Project, which included a "go live" date of January 3, 2012. Plaintiff failed to meet several deadlines, including that set for the "go live" date. In the underlying action, Plaintiff alleges that Defendant repudiated and breached the parties' agreement by refusing to pay the full amount due to Plaintiff for completed work set forth on the Statement of Work in the principal amount of $1,789,246.92.

Pursuant to a scheduling order issued by the United States District Court for the Northern District of Texas, the period for discovery in the underlying action expired on May 15, 2014. (Doc. 2-1, p. 2 of 4.) The parties represent that extensive discovery has already been completed. A motion for partial summary judgment is pending in the underlying action, and a trial is scheduled to begin in early September 2014.

At issue here is a subpoena duces tecum[2] that was both noticed and served by Defendant on April 25, 2014, upon one of Plaintiff's clients, Boscov's Department Stores LLC ("Boscov's"). The subpoena requests production of the following documents:

> [D]ocuments sufficient to identify the name, location, and total number of people [Plaintiff] staffed, resourced, or assigned to work on any PeopleSoft upgrade project that it performed for [Boscov's] from January 1, 2010 - March 1, 2012.

---

[2] Defendant issued both a subpoena duces tecum and a subpoena to testify at a deposition upon Boscov's. In its response, Defendant has indicated it voluntary withdrew the subpoena for testimony. (Doc. 6, p. 3 n.3 of 9.) Thus, the portion of Plaintiff's motion that challenges the subpoena to testify is moot.

[D]ocuments that include, describe, or set forth [Plaintiff]'s methodology, process, checklists, procedures, or plans for (a) developing technical or functional specifications, (b) developing code, (c) testing, or (d) migrating data and information in connection with any PeopleSoft upgrade project that [Plaintiff] performed for [Boscov's] from January 1, 2010 - March 1, 2012. . . . [T]his request does not seek documents containing [Boscov's] confidential information.  Instead, this requests seeks only those form documents that include, describe or set forth the methodology, processes, checklists, procedures, or plans that [Plaintiff] used, relied upon, or referenced in connection with any PeopleSoft upgrade project or work it performed for [Boscov's] during the relevant time frame.

[D]ocuments concerning, referring or relating to any complaints [Boscov's] or another party made about [Plaintiff]'s staffing, resources, or personnel in connection with any PeopleSoft upgrade project or work [Plaintiff] performed for [Boscov's] from January 1, 2010 - January 1, 2013.

[D]ocuments concerning, referring or relating to any complaints made by [Boscov's] or another party about [Plaintiff']s work or work product in connection with any PeopleSoft upgrade project or work [Plaintiff] performed for [Boscov's] from January 1, 2010 - January 1, 2013.

[D]ocuments and communications concerning, referring or relating to any representations or other communications made to you about any work [Plaintiff] performed for [Defendant].

[D]ocuments and communications concerning, referring or relating to [Plaintiff]'s expertise, experience, or capabilities in PeopleSoft upgrades and implementations.

(Doc. 2-2, pp. 10-11 of 15.)  The subpoena requested compliance by May 12, 2014.

(*Id*. at p. 5 of 15.)

On March 15, 2014, Plaintiff filed the instant motion to quash the subpoena, arguing that the subpoena seeks over broad and irrelevant information,

that compliance therewith would impose an undue burden on Boscov's, and that it was only issued to harass Plaintiff and Plaintiff's clients.  (Doc. 2, p. 6 of 16.) Plaintiff further argues that the subpoena does not provide reasonable time for compliance, that it falls beyond the discovery period,[3] and that Defendant provided insufficient notice to Plaintiff.  In response, Defendant argues that Plaintiff lacks standing to move to quash the subpoena, that the subpoena seeks relevant information, that the subpoena was timely served and provide adequate time to respond, and that Plaintiff received adequate notice of the subpoena.  (*See* Doc. 6.) The matter has been fully briefed and is ripe for consideration.

## II.        Legal Standard

The Federal Rules of Civil Procedure allow the discovery of "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Relevant evidence need not be admissible at trial so long as it "appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  Rule 45 sets forth the procedures through which a party may seek discovery from a nonparty.

Federal Rule of Civil Procedure 45 governs when a court may quash or modify a subpoena.  Specifically, Rule 45(d)(1)[4] requires a court to quash a subpoena

---

[3]  Clearly, the subpoena was issued and directed compliance within the discovery period. Whether the subpoena otherwise violated the scheduling order is an issue better left for the issuing court and one that may appropriately be raised as precluding use of – rather than compliance with – the documents produced.

[4]  Rule 45(d) provides, in pertinent part, as follows:

   **(d)   Protecting a Person Subject to a Subpoena; Enforcement**.

   (1)   **Avoiding Undue Burden or Expense; Sanctions**.  A party or attorney responsible for issuing and serving a subpoena must take

                                                          (continued...)

if it is unduly burdensome or fails to allow a reasonable time to comply.  In examining motions to quash, "courts weigh the need of the party seeking discovery against any undue hardships created by permitting it." *Young v. Pleasant Valley Sch. Dist.*, 2007-cv-0854, 2011 WL 3651796, *1 (M.D. Pa. Aug. 18, 2011).  When analyzing whether a subpoena places an undue burden on a nonparty, the court considers issues such as relevance, the requesting party's need, the breadth of the request, and the burden imposed.  *Grider v. Keystone Health Plan Cent., Inc.*, 2005-mc-0040, 2005 WL 2030456, *7 (M.D. Pa. July 28, 2005).

The party seeking to quash the subpoena bears the heavy burden of demonstrating that the requirements of Rule 45 are satisfied.  *See City of St. Petersburg v. Total Containment, Inc.*, 2007-mc-0191, 2008 WL 1995298, *2 (E.D. Pa. May 5, 2008); *Dexter v. Cosan Chem. Corp.*, 1991-cv-5436, 2000 U.S. Dist. LEXIS 22134, *7 (D.N.J. Oct. 24, 2000).  Specifically, the moving party must show a "clearly defined and serious injury."  *Total Containment*, 2008 WL 1995298 at *2 (citing *Transcor Inc. v. Furney Charters Inc.*, 212 F.R.D. 588, 592-93 (D. Kan.

---

(...continued)

reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

* * *

(3)  **Quashing or Modifying a Subpoena**.
(A) *When required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

* * *

(i) fails to allow a reasonable time to comply;

* * *

(iv) subjects a person to undue burden.

5

2003) (holding that general assertions are insufficient to show undue burden for the
purpose of a motion to quash)).

### III.        Discussion

The court will address Defendant's argument that Plaintiff lacks
standing to move to quash the Boscov's subpoena before addressing Plaintiff's
arguments in support of the motion.

#### A.        Standing

Initially, the court must address whether Plaintiff has standing.
Defendant argues in the negative, contending that "no personal or proprietary
information is at issue" and that Defendant "is not in the business of competing with
[Plaintiff]."  (Doc. 6, p. 4 of 9.)  In its reply, Plaintiff argues that the declaration of
Brian Fees, Plaintiff's Executive Vice President and Chief Financial Officer, makes
clear that Plaintiff has a proprietary interest in protecting its confidential information
and that Defendant does in fact compete with Plaintiff.  (Doc. 11, p. 4 of 14.)  The
court determines that Plaintiff has demonstrated that it does have an interest in
protecting certain information that the subpoena aims to disclose, and accordingly,
the court concludes that Plaintiff has standing to move to quash the subpoena.

Generally, "a party does not have standing to quash a subpoena served
on a third party," *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001),
and "only the non-parties whom are served with the subpoenas may move to have
them quashed under [Rule 45]," *Davis v. General Accident Ins. Co. of Am.*, Civ. No.
98-cv-4736, 1999 WL 228944, *2 (E.D. Pa. Apr. 15, 1999).  An exception to this
rule permits a party to move to quash when it "claims 'some personal right or
privilege in respect to the subject matter of a subpoena duces tecum directed to a

non[-]party." *Davis*, 1999 WL 228944 at *2 (quoting *Dart Indus. Inc. v. Liquid Nitrogen Processing Corp. of Cal.*, 50 F.R.D. 286, 291 (D. Del. 1970)).

Here, the subpoena seeks, *inter alia*: "[D]ocuments that include, describe, or set forth *[Plaintiff]'s methodology, process, checklists, procedures, or plans* for (a) developing technical or functional specifications, (b) developing code, (c) testing, or (d) migrating data and information in connection *with any PeopleSoft upgrade project that [Plaintiff] performed for [Boscov's] from January 1, 2010 - March 1, 2012*." (Doc. 2-2, p. 10 of 15 (emphasis supplied).) Clearly, the subpoena seeks information regarding the processes Plaintiff utilized while implementing work for Boscov's on a project that was indirectly related to the Cigna Project. Plaintiff has certainly demonstrated that it holds an interest in protecting this information from public disclosure.

Defendant argues that any information that Plaintiff seeks to protect from public disclosure is already guarded by the protective order that was entered in the underlying action because that protective order covers third-party documents. The protective order provides that documents provided in this litigation that are designated as confidential in nature can be used "solely for the purpose of preparation, trial, and appeal of [the underlying action] and for no other purpose, and shall not be disclosed except in accordance with the terms [of the protective order]." (Doc. 6-5, ¶4.) While this court is confident that the protective order minimizes the need to protect any confidential information from production as to guard against public disclosure or improper use, it does not operate to strip away Plaintiff's standing, as Plaintiff maintains an interest in protecting its confidential information. Accordingly, the court concludes that Plaintiff has demonstrated a personal right or

privilege with respect to the subject matter of the subpoena duces tecum directed to Boscov's.

## B.  Merits

Plaintiff asserts both substantive and technical arguments in support of its motion to quash.  Substantively, Plaintiff argues that the subpoena duces tecum seeks irrelevant and overly broad information and that compliance with the subpoena would unduly burden Boscov's.  Technically, Plaintiff argues that Defendant's subpoenas were issued too late and with inadequate notice.  The court will address the arguments *seriatim*.

A party seeking discovery bears the initial burden of demonstrating the requested discovery is relevant to its claim or defense.  *Morrison v. Philadelphia Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001).  Under Rule 26(b)(1), "discovery need not be confined to matters of admissible evidence but may encompass that which 'appears reasonably calculated to lead to the discovery of admissible evidence.'"  *Foster v. Berwind Corp.*, Civ. No. 90-cv-0857, 1990 WL 209288, *6 (E.D. Pa. Dec. 12, 1990).  Courts have interpreted the relevancy requirement under Rule 26 broadly:

> Relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case.  Rather, discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action.  As a result, discovery rules are to be accorded broad and liberal construction. . . . [W]here there is doubt over relevance, the rule indicates that the court should be permissive.

*Id*. at *6 (citations omitted); *see also Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (providing that relevancy "has been construed broadly to encompass

any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case").

Once that burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 193 (M.D. Pa. 2011). A court may also grant a motion to quash or modify a subpoena if it finds that the movant has met the "heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'" *Lefta Assocs. v. Hurley*, Civ. No. 09-cv-2487, 2011 WL 1793265, *3 (M.D. Pa. May 11, 2011) (quoting *Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enters. Inc.*, 160 F.R.D. 70, 72 (E.D. Pa. 1995). This burden is "particularly heavy to support a motion to quash," *Pepsi-Cola Metro. Bottling Co. Inc. v. Insurance Co. of N. Am. Inc.*, Misc. No. 10-mc-0222, 2011 WL 239655, *3 (E.D. Pa. Jan. 25, 2011), and in addressing such a motion, the court must balance several competing factors: (1) relevance; (2) need; (3) confidentiality; and (4) harm. *Mannington Mills Inc. v. Armstrong World Indus. Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002). "[E]ven if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." *Id.*; *see also* Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff's position that the Boscov's subpoena is irrelevant is unconvincing. Plaintiff argues that the materials sought through the Boscov's subpoena have absolutely no bearing on the underlying litigation because Boscov's

had no involvement in or knowledge of the Cigna Project and that the services provided by Plaintiff to Boscov's was different than those services provided to Defendant.  In response, Defendant argues that Plaintiff's expert relies on the history of successful upgrades, specifically pointing to Plaintiff's methodology as the basis of its success.  The documents requested by Defendant may lead to information tending to establish whether the methodology was the same and whether Plaintiff's performance deviated from its usual methods that had proven successful.  More convincing still is Defendant's allegation that both Defendant and Boscov's hired Plaintiff "to perform PeopleSoft work on or around the same time period."  (Doc. 6, p. 5 of 9.)  Indeed, the record before this court contains evidence that Plaintiff had simultaneous projects and decided to permit one account to suffer "rather than hav[ing] another client suffer."  (Doc. 6-3, p. 2 of 3.)  The requested documents may certainly lead to relevant information that could demonstrate that Plaintiff, unable to fulfill both time lines, chose to fulfill one account over another at Defendant's detriment.  The court concludes that, based on the limited record before the court and upon consideration of the permissive standard for discovery compared to the heavy burden needed to quash a subpoena, Plaintiff has failed to demonstrate that the documents sought in Defendant's subpoena duces tecum directed at Boscov's cannot lead to relevant information.  Accordingly, Plaintiff's motion to quash will be denied in this regard.

Plaintiff next argues that the subpoena should be quashed because it provided insufficient time for compliance.  Defendant argues that the fourteen days provided for compliance was sufficient.  The court concludes that Plaintiff has failed to demonstrate that Defendant's subpoena requested unreasonable compliance considering the nature of the requested documents.

Rule 45(d) directs a court to quash or modify a subpoena if it fails to allow a reasonable time for compliance.  Fed. R. Civ. P. 45(d)(3)(A)(i).  Boscov's was served with the subpoena on April 25, 2014, within the discovery period.  The subpoena duces tecum required Plaintiff to produce the documents on May 12, 2014 (Doc. 2-2, p. 5 of 15), which was extended upon an agreement between Defendant and Boscov's.  (*See* Doc. 11-1, p. 2 of 14 ("First, this will confirm, with thanks, [Defendant]'s agreement to extend through today the deadline for Boscov's to respond to the Subpoenas, including Boscov's deadline to move to quash or modify, serve objections, or otherwise respond to the Subpoena.")).  Moreover, the letter outlining Boscov's objections fails to object to the subpoena on the basis of unreasonable time for compliance.  Rather, Plaintiff's argument that the subpoena provide insufficient time for compliance is unsubstantiated.  The court concludes Plaintiff has not sustained its burden in establishing that the subpoena duces tecum fails to allow a reasonable time for compliance.  Accordingly, Plaintiff's motion to quash will be denied in this regard.

Plaintiff next argues that Defendant violated Rule 45(a)(4) when it issued and served a subpoena for production of documents on Boscov's within one hour of its giving prior notice to Plaintiff's counsel.  Under Rule 45(a)(4), prior notice of any demand for production of documents must be served on each party.  Defendant responds that it gave Plaintiff notice at 2:59 p.m. and that "the process server hand-delivered the subpoena to Boscov[']s after such time."  (Doc. 6, p. 6 of 9.)  The court concludes that Defendant provided adequate prior notice.

A party issuing a subpoena to a nonparty for the production of documents during discovery must provide prior notice to all parties to the litigation.  Fed. R. Civ. P. 45(a)(4) ("[B]efore [a subpoena duces tecum] is served on the person

to whom it is directed, a notice and a copy of the subpoena must be served on each party."). The term "prior notice" relates to notice prior to service of the subpoena on the nonparty rather than prior to document production. The purpose of prior notice is to afford other parties an opportunity to object to the production or inspection and to obtain the materials at the same time as the parties who served the subpoena. Fed. R. Civ. P. 45 committee note, 1991 amend.

The Rules do not dictate exactly how much notice constitutes prior notice, and the court is unwilling to impose time restrictions in addition to those that are mandated by the plain language of the Rule. "Prior" simply means existing or coming before in time or order. Plaintiff was given notice prior to Defendant's serving Boscov's with the subpoena. Plaintiff has not cited any case to support its position that the prior notice here is not prior enough to satisfy Rule 45's requirements. Instead, Plaintiff cites *Hall v. Louisiana*, Civ. No. 12-cv-0657, 2014 WL 1652791 (M.D. La. Apr. 23, 2014), and *Jones v. Lyneer Staffing Solutions LLC*, Civ. No. 13-cv-2534, 2014 U.S. Dist. LEXIS 31820 (D.N.J. Mar. 12, 2014), for the proposition that courts may quash a subpoena or enter a protective order when prior notice of a subpoena duces tecum is not served on each party. That proposition, however, is not in dispute and the cases Plaintiff cites are distinguishable from the instant matter. In *Hall*, the plaintiff issued subpoenas on April 4, 2014 and April 7, 2014 commanding various third parties to appear for depositions and produce documents on April 15, 2014 and April 16, 2014. The defendant first learned of the subpoenas on April 10, 2014. Thus, unlike here, prior notice was not given. Similarly, in *Jones*, the district court entered a protective order because the subpoenas duces tecum were overly broad and noted that the defendants admitted that they failed to provide prior notice of the subpoenas to the plaintiffs. Here,

however, the court has found that Plaintiff has not established the request is over broad and prior notice was given.

The court disagrees with Plaintiff's argument that the one hour notice given in this case "does not fulfill the purpose contemplated by the Rules." (Doc. 2, p. 15 of 16.)  The advisory committee notes make clear that the purpose of the prior notice mandate is to permit the opposing party the ability and opportunity to object. When opposing counsel has notice and sufficient time to object, he is not prejudiced by a violation of Rule 45's notice requirement.  *See In re Asbestos Prods. Liab. Litig.*, 256 F.R.D. 151, 158 (E.D. Pa. 2009) (citing *Seewald v. IIS Intelligent Info. Sys. Ltd.*, Civ. No. 93-cv-4252, 1996 WL 612497 (E.D.N.Y. Oct. 16, 1996)). Plaintiff certainly had sufficient time to file its motion to quash.  Thus, even if the court found that Defendant failed to give prior notice, no prejudice exists and the purpose of the prior notice requirement is fulfilled.  Accordingly, Plaintiff's motion to quash will be denied in this regard.

Lastly, the court notes that Boscov's has objected to the subpoena via letter to Defendant's counsel.  Although Plaintiff argues that this letter should weigh in the court's decision, the fact is that Boscov's has not sought to quash the subpoena to which it is subject.  Moreover, Boscov's counsel indicated that, "If [Plaintiff]'s Motion to Quash is denied, Boscov's will work with [Defendant] in good faith to resolve Boscov's objections without need for a motion by either Boscov's or [Defendant]." (Doc. 11-1, p. 8 of 14.)  The court is confident that these objections can be resolved by the parties without the court's intervention.  However, in the event resolution is impossible, the parties may file appropriate motions.

**IV.**     **Conclusion**

      Based on the foregoing, the court finds that Plaintiff has demonstrated a sufficient interest in the documents subject to the subpoenas to support a conclusion that Plaintiff has standing to move to quash the subpoenas.  The court further finds that, based on the limited record before the court, Defendant has made a sufficient showing that the subpoena duces tecum seeks relevant information and that Plaintiff has failed to sustain its heavy burden in demonstrating that the requests are overly broad, unduly burdensome, or that the subpoena provides insufficient time for compliance.  Lastly, the court concludes that, because Plaintiff received notice of the subpoena before Defendant served Boscov's with the subpoena, the prior notice requirement was satisfied.  Accordingly, Plaintiff's motion to compel will be denied in its entirety.

      An appropriate order will issue.


                          s/Sylvia H. Rambo
                          United States District Judge

Dated:  July 3, 2014.